William J. Spampinato, Esq. Town Attorney, Germantown
You have asked whether a town may change the term of the supervisor from two to four years, where this change would also extend the supervisor's term on the county board of supervisors.
Under the Town Law, the term of town supervisor is two years (§ 24). The county in which your town is located is governed by a board of supervisors rather than a county legislature. Therefore, the supervisors of towns in the county serve as members of the county board of supervisors. You inquire whether the term of such a supervisor may be increased from two to four years by local law.
The Municipal Home Rule Law authorizes local governments to adopt and amend local laws that are consistent with the Constitution and with general State laws in relation to:
 "The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees except that cities and towns shall not have such power with respect to members of the legislative body of the county in their capacities as county officers." (Emphasis supplied; Municipal Home Rule Law, § 10[1][ii][a][1].)
We have previously concluded that under this provision, the term of a town supervisor who also serves as a member of the county board of supervisors may not be increased (1975 Op Atty Gen [Inf] 223).
However, in our opinion, a town may increase the term of supervisor from two to four years under the 1981 amendment to section 24-a of the Town Law. Under that provision, "the town board of any town may adopt a resolution to provide that the term of office of each and any elective town official thereafter elected shall be four years". The resolution is subject to mandatory referendum.
Prior to the enactment of section 24-a in its present form, the section authorized only towns of the first class in Erie and Monroe Counties to increase the terms of their elected officials. The purpose of the 1981 amendment to section 24-a was to permit any town to increase the term of any of its elected officers to four years thus overcoming the restriction of section 10 of the Municipal Home Rule Law noted in our 1975 opinion (June 8, 1981 memorandum from William K. Sanford, Executive Secretary, Association of Towns of the State of New York to Governor Hugh L. Carey, regarding Senate 4181-A [enacted as ch 230 of the Laws of 1981]; Memorandum by Assemblymen McCabe and Kennedy regarding Assembly 5651-a). The Assembly memorandum clearly states that the legislation was intended to permit an increase in the term of town supervisor in a county with a board of supervisors (ibid.). Thus, under section 24-a of the Town Law, any town may increase the term of its supervisor from two to four years.
As your second question, you ask when the change in term would become effective. Under section 24-a:
 "at least one hundred fifty days prior to any biennial town election, the town board of any town may adopt a resolution to provide that the term of office of each and any elective town official thereafter elected
shall be four years, and such resolution shall be submitted to the qualified electors of the town for their approval or disapproval at the next biennial town election. No such resolution shall become effective until approved by the affirmative vote of the majority of the qualified electors of the town voting on such proposition." (Emphasis supplied.)
Upon the adoption of the resolution and its approval by the voters, "the terms of office of those town officers included in such proposition andthereafter elected shall be for a period of four years" (emphasis supplied). In our informal opinion number 83-49 we considered the effective date of a resolution under section 24-a:
 "It is clear that the resolution to increase the term of office does not become effective until approved by the voters. Once effective, the terms of officers `thereafter elected' to the affected offices will be four years. We believe this language expresses an intent that the change in term apply to elections occurring subsequent to approval of the proposition by the voters. On election day when the proposition is on the ballot and voters are in the process of exercising their franchise, all votes have not yet been received, they have not yet been counted and no results have been announced. At that time the proposition cannot be said to have been adopted. Therefore, under the language of the statute, the terms of offices on the ballot at the same election are not affected by the vote on the proposition. Had the Legislature intended a different result, it could have provided for the resolution, once approved by the voters, to apply to officers `whose terms of office thereafter commence'."
We conclude that under section 24-a of the Town Law any town may increase the term of its supervisor from two to four years. A change in term under this section will apply to elections occurring subsequent to approval by the voters of the proposition to increase the term.